IN THE SUPREME COURT OF THE STATE OF DELAWARE

MICHAEL DURHAM, §
§
    Defendant Below, § No. 371, 2022
    Appellant, §
§ Court Below—Superior Court
    v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 0208019524A (K)
§
    Appellee. §

Submitted: November 14, 2022
Decided: February 2, 2023

Before **SEITZ**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

## ORDER

After consideration of the opening brief, the motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, Michael Durham, filed this appeal from a Superior Court order denying his third motion for postconviction relief under Superior Court Criminal Rule 61. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Durham's opening brief that his appeal is without merit. We agree and affirm.

(2)    In December 2003, a Superior Court jury found Durham guilty of attempted first-degree robbery and numerous related offenses arising from the home invasion of a Dover residence. After granting the State's motion to declare Durham

a habitual offender under 11 *Del. C.* § 4214, the Superior Court exercised its discretion to sentence Durham to life imprisonment. This Court affirmed the Superior Court's judgment on direct appeal.[1] In September 2006, the Court affirmed the Superior Court's denial of Durham's first motion for postconviction relief.[2]

(3) In June 2022, Durham filed a motion to stay and a third motion for postconviction relief. The Superior Court denied the motion for postconviction relief as procedurally barred and denied the motion to stay as moot. After Durham filed an untimely appeal and this Court remanded for the Superior Court to issue a new order so that Durham could file a timely appeal,[3] Durham filed this appeal.

(4) In his opening brief, Durham argues that the Superior Court erred in treating his motion for postconviction relief as a finalized motion and denying it instead of giving him the opportunity to amend the motion under Rule 61(b)(6). Durham contends that he was trying to file a placeholder postconviction motion within one year of this Court's June 17, 2021 decision in *Purnell v. State*[4] as required by Rule 61 and that while the proceeding was stayed he intended to file a postconviction motion explaining why his reliance on *Purnell* satisfied the Rule 61(d)(2) and 61(i)(5) exceptions to the Rule 61 procedural bars. Durham also argues

---

[1] *Durham v. State*, 867 A.2d 176 (Del. 2005).
[2] *Durham v. State*, 2006 WL 2795079 (Del. Sept. 28, 2006).
[3] *Durham v. State*, 2022 WL 4113147 (Del. Sept. 8, 2022).
[4] 254 A.3d 1053 (Del. 2021).

2

that the Superior Court erred in finding that he relied upon the June 2014 amendments to Rule 61 as establishing a new rule of constitutional law that applied retroactively to his case.

(5) This Court reviews the Superior Court's denial of a motion for postconviction relief for abuse of discretion.[5] We review legal or constitutional questions *de novo*.[6] The Court considers the procedural requirements of Rule 61 before addressing any substantive issues.[7]

(6) Rule 61(d)(2) provides for summary dismissal of a second or subsequent postconviction motion unless the movant was convicted after trial and the motion either:

> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

Under Rule 61(i)(1), a motion for postconviction relief may not be filed more than one year after the judgment of conviction is final, or if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final,

---

[5] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).
[6] *Id.*
[7] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990)

more than one year after the right is first recognized by this Court or the United States Supreme Court. Rule 61(i)(5) provides that a postconviction motion is not barred by the procedural bars of Rule 61(i)(1)-(4) if the movant satisfies Rule 61(d)(2)(i) or (ii). In *Purnell*, this Court held that a defendant satisfied Rule 61(d)(2)(i) where he relied on evidence of actual innocence that was not obtained or presented by his conflicted trial counsel.

(7)     Durham referred to *Purnell* throughout his motion to stay and motion for postconviction relief, but failed to explain how it applied to his case. He claims on appeal that if the Superior Court had granted the motion to stay or allowed him to amend the postconviction motion he would have explained that *Purnell* applies to his case because there is evidence of actual innocence that he could not have timely discovered. Durham alleges that this evidence consists of: (i) an undisclosed plea offer, (ii) an undisclosed agreement with a State witness and co-defendant who later admitted perjury, and (iii) the victim's admission that the police coerced him to identify Durham.

(8)     These conclusory and unsupported allegations, which appear at best to be impeachment evidence, do not create a strong inference that Durham "is actually innocent in fact of the acts underlying the charges of which he was convicted."[8] As

---

[8] Del. Super. Ct. Crim. R. 61(d)(2)(i). *See also Mason v. State*, 2020 WL 7392348, at *1 n.2 (Del. Dec. 16, 2020) ("New evidence that is 'merely cumulative or impeaching" will not satisfy the

this Court stated in *Purnell*, "[i]nnocence of the 'acts underlying the charges' requires 'more than innocence of intent; it requires new evidence that a person other than the petitioner committed the crime.'"[9] Unlike Purnell, Durham has not offered any evidence, new or otherwise, to suggest that someone other than him committed the crimes. The Superior Court did not err in concluding that Durham failed to satisfy the pleading requirements of Rule 61(d)(2).

(9) As to Durham's claim that the Superior Court misunderstood his claim concerning the June 2014 amendments to Rule 61, this Court has previously rejected the claim that he made in the Superior Court—namely, that he could rely on the pre-June 2014 version of Rule 61 to argue that there was a colorable claim of a miscarriage of justice that rendered the Rule 61 procedural bars inapplicable. The June 2014 amendments to Rule 61 eliminated the miscarriage-of-justice exception to the Rule 61 procedural bars.[10] This Court has consistently held that the version of Rule 61 in effect when the Rule 61 motion is filed applies to that motion.[11] Because Durham filed his Rule 61 motion in June 2022, the version of Rule 61 in effect at the time, not the pre-June 2014 version of Rule 61, applied to his Rule 61

---

'actual innocence' standard.") (quoting *Taylor v. State*, 2018 WL 655627, at *1 (Del. Jan. 31, 2018)).

[9] *Purnell*, 254 A.3d at 1095 (quoting *State v. Taylor*, 2018 WL 3199537, at *7 (Del. Super. Ct. June 28, 2018), *aff'd* 2019 WL 990718 (Del. Feb. 27, 2019)).

[10] *Id*. at 1094-95 nn. 185, 187.

[11] *Durham v. State*, 2017 WL 5450746, at *2 (Del. Nov. 13, 2017); *Bradley v. State*, 135 A.3d 748, 767 (Del. 2016).

motion.  The Superior Court did not err in denying Durham's Rule 61 motion and motion to stay.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice